WELLS H. HURLBUTT, PLAINTIFF-APPELLEE, v. MAUSO-
LEUM COMPANY OF AMERICA INCORPORATED, A COR-
PORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Decided November 7, 1923.

**Contracts—Employment—Evidence Relating to Alleged Written
Contract Which Defendant Failed to Produce—Copy Made
by Plaintiff Admitted.**

On appeal from the Second District Court of Jersey City.

Before Justices KALISCH and KATZENBACH.

For the plaintiff-appellee, *William F. Burke* (*G. Frank
Shanley* and *John H. Sheridan* of counsel).

For the defendant-appellant, *Nicholas S. Schloeder*.

PER CURIAM.

This is an appeal from a judgment of the Second District
Court of Jersey City. The plaintiff claimed to have been
employed by the defendant company to sell on commission
crypts in a mausoleum to be erected by the defendant.

The first ground of appeal argued relates to the admission
of a copy of an agreement which the plaintiff contended was
the contract of hiring made between the defendant and him-
self. The plaintiff testified that in the latter part of October,
1921, he called at the office of the defendant company and

applied for employment as a salesman. He talked with Mr. Garner, the general manager and vice president, who outlined his duties and handed him a form of agreement containing the terms of employment. The plaintiff took the form home and made a copy of it. Later he saw Mr. Garner, who told him if the terms were satisfactory he would be employed upon signing the agreement, which the plaintiff then signed. The defendant was given notice to produce the agreement at the trial. The defendant did not produce the agreement or account for its non-production. It denied the existence of the agreement. The plaintiff offered the copy he had made which the defendant objected to on the ground that it was not the best evidence of the agreement. The court admitted in evidence the copy. The appellant contends that because the existence of the agreement was denied, and there was no corroboration of the plaintiff's testimony with reference to the existence of the agreement, it was error to admit secondary evidence of the contents of the agreement. This argument seems to us unsound. There was evidence which justified the finding made by the District Court that the plaintiff entered into the written agreement with the defendant. The plaintiff had testified with reference to the making of the agreement and the defendant did not call Mr. Garner to refute his testimony. This was evidence of the existence of the agreement. Where an original document is in possession or control of the adverse party and is not produced upon notice, secondary evidence is admissible. *Durbrow* v. *Hackensack Meadows Co.*, 77 *N. J. L.* 89.

The second ground of appeal is the refusal of the court to allow a Mr. Hansberry, assistant general manager of the defendant company, to testify as to the terms of the plaintiff's agreement. This was the proper ruling as terms of the plaintiff's employment were embodied in the contract and could not be altered by the statement of Mr. Hansberry.

The third ground of appeal is the rejection by the trial court of the testimony of a Mr. Scholeder, who was the secretary of the defendant company, and testified that at no time

was any contract signed by the plaintiff in the possession of the company or in its files. He further offered to give testimony that at no time did the plaintiff receive commissions under the terms of the contract in evidence. The state of the case states that this testimony was objeced to because it tended to alter the terms of a written instrument. That part of the testimony of Mr. Schloeder to the effect that at no time did the plaintiff receive commissions under the terms of the contract in evidence was properly rejected, as it altered the terms of a written agreement. Mr. Schloeder should have been permitted to testify that there was no contract signed by the plaintiff in the possession of the company or in its files, in view of the fact that the defendant disputed the existence of the contract. As Mr. Schloeder's statement on this subject was received and the court after consideration found as a fact that the contract did exist, we think the error harmless to the defendant.

The next ground of appeal argued is that the trial court misconstrued the effect of a receipt given by the plaintiff. The plaintiff had executed a receipt containing these words: "Being the monies in full now due me as commissions as per foregoing statement, which is hereby accepted by me as correct," as nothing more than a receipt for the amount paid at that time. There was evidence that this receipt applied only to commissions upon which thirty-five per cent. of the purchase price had been received and not to all commissions to which the plaintiff might be entitled. Whether the receipt did or not was a question of fact. This fact was determined in favor of the plaintiff's contention. There being evidence to support this contention the finding will not be disturbed.

The appellant also contends that this receipt in full constituted an accord and satisfaction. The finding by the trial court that the receipt only applied to one class of commissions precludes the receipt amounting to an accord and satisfaction. Moreover, the necessary elements to constitute an accord and satisfaction, namely, a substantial dispute between the parties, an offer by the debtor of a less amount, the acceptance by the creditor of the lesser amount with the in-

tention that it shall operate as a satisfaction, are lacking· in the present case. *Decker* v. *Smith Co.,* 88 *N. J. L.* 630.

The judgment is affirmed.